Filed 11/19/20  P. v. Cubas CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions
not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion
has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B301934 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA096577) |
| v. | |
| CINTHIA YAMILETH CUBAS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Alan B. Honeycutt, Judge.  Affirmed.

Joy A. Maulitz, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

Defendant and appellant Cinthia Yamileth Cubas pleaded no contest to a charge of assault by means of force likely to produce great bodily injury on a victim in violation of Penal Code section 245, subdivision (a)(4).  The named victim was walking through a shopping mall parking lot with his daughters, and passed Cubas, who was embroiled in a heated argument.  One of victim's daughters made a comment, and Cubas began yelling at the family.  She tried to pepper spray the victim in the parking lot, and then followed and struck the victim and his daughters with her car as they were walking in a cross walk near the mall.

Cubas was charged with three counts of assault with a deadly weapon (one count each relating to the victim and his two daughters) in violation of Penal Code section 245, subdivision (a)(1) (counts 1-3) and one count of hit and run driving resulting in injury of another in violation of Vehicle Code section 20001, subdivision (b)(1).

Cubas agreed to plead no contest to a violation of Penal Code section 245, subdivision (a)(4), to be added to the information by interlineation as count 5.  She was to be sentenced to the low term of two years in state prison, with sentence suspended, and placed on five years formal probation.  She was to serve one year in county jail, pay restitution to all victims, and complete a six-month anger management course, as well as complying with other conditions of probation.  Cubas would be allowed to surrender at a later date.

On October 15, 2018, she pleaded no contest to count 5, in conformance with the plea agreement. Prior to entering her plea: Cubas was informed of her rights, and made a knowing and intelligent waiver. The trial court further informed Cubas that, if she violated a term or condition of probation, she could be sentenced to two years in state prison. Cubas was also advised she was to be released pending sentencing, and she acknowledged her understanding that, if she failed to appear for sentencing, her plea would be considered an open plea subjecting her to a sentence of up to four years in state prison.

Cubas failed to appear at the sentencing hearing on January 14, 2019. A bench warrant issued and she again failed to appear on January 23, 2019, the bench warrant hold date. On June 14, 2019, Cubas was brought to the court by the bail bonds investigator, and surrendered on the bond.

At the sentencing hearing on August 19, 2019, the court considered statements of the victims and family, and noted that the plea was an open plea. The court stated that its decision was based on the facts and not Cubas's failure to appear. The court considered factors in aggravation (vulnerability of victims) and mitigation (defendant's youth and lack of a prior record). The trial court denied probation, sentenced Cubas to three years in state prison, and awarded

her 134 days of presentence custody credit.[1]  The court held an ability to pay hearing and found Cubas indigent.  The court found good cause to suspend the fines and fees imposed, with the exception of any actual victim restitution.  The court further found that Cubas failed to complete the prohibited persons relinquishment form required under Penal Code section 29810.

Cubas filed a notice of appeal from the judgment after a no contest plea and checked the box on the appeal form indicating the appeal was based on the sentence or other matters occurring after the plea.  We appointed counsel for her on appeal.  On July 7, 2020, counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues but asking this court to independently review the record for error.

We advised Cubas on July 7, 2020, of her right to file a brief or letter containing any issues she wishes this court to consider.  No response has been received to date.

We have examined the entire record and find no arguable issues on appeal.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278–284; *Wende*, *supra*, 25 Cal.3d at p. 441.)

---

[1] Cubas subsequently filed, and the trial court granted, a motion arguing that she was entitled to an additional two days of custody credit.

The judgment is affirmed.


      MOOR, J.

We concur:


      BAKER, Acting P. J.


      KIM, J.